## KALICHMAN v. NADLER.

(City Court of New York, General Term. January 29, 1901.)

MOTION—SPECIAL TERM—DENIAL—RENEWAL—LEAVE OF PRIOR JUSTICE.

> Where a motion to advance a cause and place it on the short-cause calendar is made at a special term before one of the justices and denied, and the same motion is made at a succeeding special term before another justice, it is error to grant the same without leave obtained from the justice hearing the original motion.

Appeal from special term.

Action by Benjamin Kalichman against Aaron Nadler. From an order granting leave to reargue a motion made and denied at a former term, defendant appeals. Reversed.

Argued before CONLAN and SCHUCHMAN, JJ.

Lewkowitz & Schaap, for appellant.
Max D. Steuer, for respondent.

CONLAN, J. The plaintiff moved, on affidavits, before a justice of this court sitting at special term, for an order advancing the cause for trial on the short-cause calendar, and the motion was denied in the following memorandum of opinion, namely: "The issues as presented by the pleadings cannot be tried in one hour." Thereafter, and without first having obtained leave to renew the motion from the justice so holding, the plaintiff waits for a succeeding special term, and applies for the precise order before another justice. Substantially the same facts were presented upon both motions. Indeed, it would be difficult to present any other, as the rule expressly states what shall be shown to entitle the party to the preference; and the opinion rendered upon the first motion goes to the very root of the question, and holds upon the merits that the action cannot be tried in one hour. But the practice of renewing motions once decided, and without leave first obtained, is not favored either by this or any other court, and has been repeatedly condemned. If the original order affected a substantial right,—and it has been so held in at least one case,—then the plaintiff had his remedy by appeal. If he did not choose to avail himself of the opportunity afforded, he should have first obtained the permission of the justice who heard and decided the original motion, before making a second application. Running around from one justice to another who may be thought to entertain a more favorable view of the situation presented is a practice which courts are not inclined to favor, and, until some new rule upon the subject has been adopted, we do not incline favorably to interfere with the current of authorities, which settle the practice against the contention of the respondent.

We are of opinion that the question presented by the appeal was one proper to raise, and that the order appealed from should be reversed, and the motion denied, with costs.

SCHUCHMAN, J., concurs.